1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ANTOINE DUCKWORTH,

11              Petitioner,                        No. CIV S-07-2702 DAD P

12         vs.

13    M.C. KRAMER,

14              Respondent.                        ORDER

15    _____/

16              Petitioner, a California state prisoner who is currently confined out of state at a

17    private prison in Eloy, Arizona, is proceeding pro se with a petition for a writ of habeas corpus

18    pursuant to 28 U.S.C. § 2254.  Petitioner challenges the sixteen year determinate prison sentence

19    imposed upon him by the Butte County Superior Court following his conviction on three counts

20    of first degree residential robbery with an enhancement for personal use of a firearm.  Relying on

21    the United States Supreme Court's decision in Cunningham v. California, 549 U.S. 270 (2007),

22    petitioner claims that the imposition of the upper term sentence in his case violated his right to a

23    trial by jury.

24              Before the court is respondent's January 5, 2009, motion to dismiss the petition on

25    the grounds that it was filed beyond the applicable one-year statute of limitations.  (Doc. No. 10.)

26    When petitioner failed to file a timely opposition to that motion, the court issued an order

1

1  directing petitioner to do so.  (Doc. No. 15, filed May 4, 2009.)  Subsequently, petitioner

2  requested an extension of time to oppose the motion, explaining that he had been moved to an

3  out-of-state institution and did not have access to his legal materials.  (Doc. No, 16.)  The court

4  granted petitioner's requests and on June 22, 2009, petitioner filed his "Traverse To Answer"

5  (Doc. No. 18, hereinafter "Opp'n"), which the court has construed as his opposition to the

6  pending motion to dismiss.

7  I. Background

8          According to information and documents provided by respondent and uncontested

9  by petitioner, the following is a chronology of petitioner's state court proceedings:

10         On December 6, 2002, petitioner was convicted in the Butte County Superior

11  Court of three counts of first degree residential robbery with a finding that he had personally used

12  a firearm as to all counts.  (Resp't's Lod. Docs. 1-2.)[1]  On January 27, 2003, petitioner was

13  sentenced to state prison for a determinate term of sixteen years.  (Id.)

14         On December 24, 2003, the California Court of Appeal for the Third Appellate

15  District affirmed that judgment of conviction.  (Resp't's Lod. Doc. 2.)  Petitioner did not file a

16  petition for review with the California Supreme Court.

17         Petitioner subsequently filed three state habeas petitions in which he challenged

18  the constitutionality of his sentence on the same grounds raised in the petition now pending

19  before this court.  In this regard, on March 20, 2007, petitioner filed his habeas petition with the

20  Butte County Superior Court.  (Resp't's Lod. Doc. 3.)  On March 22, 2007, that petition was

21  denied.  (Resp't's Lod. Doc. 4.)

22         On April 18, 2007, petitioner filed a habeas petition with the California Court of

23  Appeal for the Third Appellate District.  (Resp't's Lod. Doc. 5.)  The petition was summarily

24  denied on April 26, 2007.  (Resp't's Lod. Doc. 6.)

25  _____

26         [1]  Respondent's documents were lodged with the court on January 5, 2009.

1    On June 5, 2007, petitioner filed a habeas petition with the California Supreme

2    Court.  (Resp't's Lod. Doc. 7.)  That petition was summarily denied on October 10, 2007.  (Lod.

3    Doc. 8.)

4    On December 14, 2007, petitioner filed his federal habeas petition in this court.

5    II.  The Arguments of the Parties

6    Respondent move to dismiss the federal habeas petition on the grounds that it is

7    time-barred.  In this regard, respondent argues that the statute of limitations for the filing of a

8    federal habeas petition began to run on February 3, 2004, following the expiration of the time

9    period during which petitioner could have filed a petition for review with the California Supreme

10   Court on appeal.  (MTD at 3.)  According to respondent, the limitations period for the filing of a

11   federal habeas petition expired one year later, on February 2, 2005.  (Id.)  Respondent asserts that

12   petitioner's state habeas petitions were filed after the federal statute of limitations had expired,

13   and therefore do not toll the applicable statute of limitations.  (Id.)

14   Petitioner opposes the motion to dismiss, asserting that his federal habeas petition

15   is timely because "there have been no state procedural defaults" and respondent has failed to

16   carry his burden of pleading and proving such a default.  (Opp'n at 2.)  In addition, petitioner

17   argues that the timeliness issues should have been raised when he filed his state habeas petitions.

18   (Id.)  Lastly, petitioner contends that he did not receive the trial transcripts from his appellate

19   attorney until "a year later after the California Supreme Court hearing in state court" and that

20   extended lock-downs prevented him from accessing the law library at his place of confinement.

21   (Id. at 2 and 4.)  In this latter respect, he states "Petitioner filed his [federal] petition December

22   14, 2007 after he was sent to another prison where he had the opportunity to have access to a

23   legal library which was in Folsom state prison where there were less lock down and more library

24   services.  Since Duckworth had been denied access to the law library he should be granted a

25   review of this petition[,]" and his habeas petition should be granted.  (Id. at 4-5.)

26   /////

III.  The Statute of Limitations under the AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).  The period of limitation applies to all federal habeas petitions filed after the statute was enacted. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  Because this habeas action was commenced in 2007, the AEDPA period of limitation is applicable to the petition.

Under 28 U.S.C. § 2244(d)(1), the statute of limitations begins to run from the latest of:

> (A) date on which judgment became final by the conclusion of direct review or that time period;
>
> (B) date on which the impediment to filing an application is removed;
>
> (C) date on which the constitutional right asserted was initially recognized by the Supreme Court; or
>
> (D) date on which the factual predicate of the claim(s) could have been discovered

In this case, under § 2244(d)(1)(A), petitioner's judgment of conviction became final on February 2, 2004, forty days after the December 24, 2003, decision by the California Court of Appeal affirming his judgment of conviction on appeal.  See Rules 24 and 28 of the Cal. Rules of Court.[2]

IV.  Analysis

Respondent is correct in stating that the statute of limitations for the filing of a federal habeas petition in petitioner's case commenced on February 3, 2004, and expired one year later on February 3, 2005.  Because petitioner did not file any state habeas petitions before the AEDPA statute of limitations expired, he is not entitled to any period of statutory tolling pursuant to § 2244(d)(1)(A).  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) ("Here, . . .

---

[2]  California Rules of Court, Rule 24 and Rule 28, have subsequently been renumbered as Rules 8.264 and 8.500.

1   Jiminez filed his state habeas petition . . . well after the AEDPA statute of limitations ended.

2   That delay resulted in an absolute time bar. . . .”), <u>cert</u>. <u>denied</u> 538 U.S. 949 (2003); <u>see</u> <u>also</u>

3   <u>Amavisca v. Scribner</u>, No. CV F 05-1632 SMS HC, 2006 WL 3635461 at *3 (E.D. Cal. Dec. 8,

4   2006) (“The filing of a state collateral action after expiration of the limitations period does not

5   restart the clock at zero or otherwise save a claim from being time-barred.  In other words, once

6   the statute has run, a collateral action cannot revive it.”).  Thus, absent equitable tolling the

7   pending petition is time-barred.

8          Petitioner’s opposition to the pending motion to dismiss could liberally be

9   construed as an argument that he is entitled to the equitable tolling of the statute of limitations.[3]

10  The United States Supreme Court has held that, “a litigant seeking equitable tolling bears the

11  burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2)

12  that some extraordinary circumstance stood in his way.” <u>Pace v. DiGuglielmo</u>, 544 U.S. 408,

13  418 (2005).  <u>See</u> <u>also</u> <u>Ramirez v. Yates</u>, 571 F.3d 993, 997 (9th Cir. 2009).   A petitioner must

14  also show that the extraordinary circumstances were the cause of his untimeliness and made it

15  impossible to file a petition on time.  <u>Ramirez</u>, 571 F.3d at 997.  Thus, in order to be entitled to

16  equitable tolling, it is “external forces,” rather than a petitioner’s lack of diligence that must

17  account for the failure to file a timely petition.  <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir.

18  1999).  “[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the

19  exceptions swallow the rule.”  <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation

20  omitted).  As a consequence, equitable tolling will be unavailable in most cases.  <u>See</u> <u>Calderon</u>

21  <u>(Beeler) v. U.S. Dist. Court for the Cent. Dist. of Cal.</u>, 128 F.3d 1286, 1288 (9th Cir. 1997).

22  /////

23

24          [3]  The Supreme Court has assumed, without deciding, that equitable tolling applies to the
    AEDPA statute of limitations.  <u>See</u> <u>Lawrence v. Florida</u>, 549 U.S. 327, 336 (2007).  The Ninth
25  Circuit has held that it does.  <u>Ramirez v. Yates</u>, 571 F.3d 993, 997 (9th Cir. 2009); <u>Townsend v.</u>
    <u>Knowles</u>, 562 F.3d 1200, 1203 (9th Cir. 2009); <u>Harris v. Carter</u>, 515 F.3d 1051, 1055 n.4 (9th
26  Cir.), <u>cert</u>. <u>denied</u> <u>sub</u> <u>nom.</u> Brunson v. Harris, ___U.S.___, 129 S. Ct. 397 (2008).

1            Although not entirely clear from his opposition, it appears that petitioner is

2  contending that it took him a year to obtain the transcript of his trial court proceedings from his

3  appellate counsel after his conviction was affirmed on appeal.  Even if true, this fact alone, is not

4  sufficient to justify equitable tolling absent a showing that this circumstance made it impossible

5  for petitioner to timely file his petition.  The court notes that petitioner does not allege a complete

6  lack of access to legal file but rather merely claims that it took him a year to obtain the transcript

7  of his state court proceedings.  See Ramirez, 571 F.3d at 998 ("W]e have previously held that a

8  complete lack of access to a legal file may constitute an extraordinary circumstance[.]") (citing

9  Espinoza-Mathews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005)).  Moreover, as noted

10  above, to be entitled to equitable tolling of the AEDPA statute of limitations a petitioner must

11  show that despite diligently pursuing his rights, some extraordinary circumstances beyond his

12  control prevented him from timely filing his petition.  See Stillman v. LaMarque, 319 F.3d 1199,

13  1202 (9th Cir. 2003); Miles, 187 F.3d at 1107.  Here, petitioner has not alleged any facts

14  demonstrating that he was unable to present his Cunningham claim to the state courts in a timely

15  fashion absent the transcript of his state trial court proceedings.[4]  See Allen v. Lewis, 255 F.3d

16  798, 801 (9th Cir. 2001) (no equitable tolling where petitioner failed to demonstrate that his lack

17  of access to his habeas materials made it impossible to file a timely federal petition); see also

18  Renfrow v. Adams, No. 07-055159, 2009 WL 2519204 at *1 (9th Cir. Aug. 19, 2009)[5]

19  (petitioner was not entitled to equitable tolling because he had failed to demonstrate that his lack

20  of access to transcript caused the untimely filing of his habeas petition); Vickers v. Adams, No.

21  /////

22

23      [4] Petitioner's Cunningham claim was raised for the first time in his initial state habeas
petition.  On direct appeal, petitioner argued only that his trial counsel was ineffective for failing
24  to suppress his confession and that the evidence introduced at his trial was insufficient to sustain
the robbery convictions.
25

26      [5] Citation of this unpublished disposition by the Ninth Circuit Court of Appeals is
appropriate pursuant to Fed. R. App. P. 32.1 and U.S. Ct. of App. 9th Cir. Rule 36-3(b).

1  1:08-CV-01961 LJO GSA HC, 2009 WL 2579090, at *5 (E.D. Cal. Aug. 19, 2009) (noting that

2  "Courts have generally held that delays in obtaining transcripts do not warrant equitable

3  tolling.").

4              Next, petitioner states that during an unspecified period of time, he was

5  incarcerated at a prison which was on lockdown for nine months and that during the lockdown he

6  was not able to obtain access to the law library.  However, delay in gaining access to the prison

7  library, without more, does not necessarily entitle one to equitable tolling of the AEDPA statute

8  of limitations.  See Ramirez, 571 F.3d at 999 ("Ordinary prison limitations on Ramirez's access

9  to the law library and copier (quite unlike the denial altogether of access to his personal legal

10  papers) were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a

11  timely manner."); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2002); see also Williams v.

12  Dexter, ___F. Supp.2d___, 2009 WL 2782685, at *5 (C.D.Cal. Aug. 19, 2009) ("[p]etitioner's

13  claim that he is entitled to equitable tolling because he had limited law library access, without

14  supporting evidence and proof that limited access caused him to tardily file in the California

15  Supreme Court, is insufficient to meet his burden."); United States v. Van Poyck, 980 F. Supp.

16  1108, 1111 (C.D. Cal.1997) (inability to secure copies of transcripts from court reporters and

17  prison lockdowns allegedly eliminating access to law library were not extraordinary

18  circumstances and did not equitably toll the one-year statute of limitations); Boyd v. Kramer, No.

19  Civ. S-05-00988 ALA HC, 2008 WL 782766, at *6 (E.D. Cal. Mar. 21, 2008).

20              Moreover, petitioner has not alleged any facts suggesting that he has diligently

21  pursued his rights.  Indeed, it appears that he is unable to do so in light of the over three year

22  delay on his part following the affirmance of his conviction by the California Court of Appeal in

23  December 2003, and prior to the filing of his first state habeas petition in March of 2007.

24              Lastly, even if petitioner were entitled to equitable tolling of the one-year AEDPA

25  statute of limitations for the entire nine months his institution was allegedly on lockdown and/or

26  the one year period when he did not have the transcripts of his state court proceedings, the

1   pending petition would still be time-barred since it was not filed until December 14, 2007, more

2   than thirty-four months after the statute of limitations had expired.

3          Petitioner filed his habeas petition with this court long after the AEDPA statute of

4   limitations had expired.  He has failed to establish that he is entitled to statutory or equitable

5   tolling that would render his petition timely.  Accordingly, respondent's motion to dismiss the

6   petition as time-barred must be granted.

7                                        CONCLUSION

8          For the reasons set forth above, IT IS HEREBY ORDERED that:

9          1.  Respondent's January 5, 2009 motion to dismiss (Doc. No. 10) is granted; and

10         2.  This action is dismissed as untimely.  28 U.S.C. § 2244(d)(1).

11  DATED: September 22, 2009.

12

13                                        _____

14                                        DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE
15  DAD:4
    duck2702.mtd

16

17

18

19

20

21

22

23

24

25

26

8